# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:12-cr-00353-MTS |
| v. | ORDER ON MOTION FOR MODIFICATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583 |
| JEFFREY BAINTER | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Jeffrey Bainter's pro se Motion for Modification of Supervised Release Conditions Pursuant to 18 U.S.C. § 3583. Doc. [122]. For the reasons set forth below, this Court will deny Defendant's Motion.

### I.   Factual Background

On May 16, 2013, Defendant pleaded guilty to Count I, receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and Count II, transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Doc. [49]. On September 12, 2013, Defendant was sentenced to a 180-month prison sentence, to be followed by supervised release for a term of life. Doc. [93] at 2-3. Defendant's supervised release included twelve special conditions. Doc. [93] at 4. Special Condition 11 of Defendant's supervised release states:

> The defendant shall not possess or use any audio/visual recording or producing equipment, a computer, peripheral equipment, gaming equipment, cellular devices, or any other device with access to any 'online computer services,' or subscribe to or use any Internet service, at any location (including employment) without the written approval of probation office. If approval is given, the defendant shall consent to the probation office or probation service representative conducting unannounced examinations, including retrieval and copying of all data, of any computer(s) or computer related equipment to which the defendant has access, including web enabled cell phones and gaming systems to insure compliance with

>this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection.

*Id.* Defendant did not object to the terms of his supervised release. Doc [68] (raising other objections). On March 17, 2025, Defendant filed his Motion for Modification of Supervised Release Conditions Pursuant to 18 U.S.C. §3583, requesting a modification to Special Condition 11 on the grounds that it is overly broad and violates his First, Fifth and Fourteenth Amendment rights. Doc. [122]. As of June 18, 2025, Defendant is no longer in the custody of the Bureau of Prisons.[1]

## II.     Legal Standard

"District courts enjoy broad discretion in the imposition or modification of conditions for terms of supervised release." *United States v. Davies*, 380 F.3d 329, 322 (8th Cir. 2004). Pursuant to 18 U.S.C. § 3583(e)(2) this Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" after considering the applicable factors in 18 U.S.C. § 3553(a).[2] 18 U.S.C. § 3583(e)(2).

## III.    Discussion

"Sentencing courts have considerable discretion to impose special conditions of supervised release, so long as those conditions are reasonably related to the § 3553(a) factors and involve 'no greater deprivation of liberty than is reasonably necessary.'" *United States v. Munjak*, 669 F.3d 906, 908 (8th Cir. 2012) (quoting 18 U.S.C. § 3583(d)). Defendant asserts that Special Condition 11 is a "total ban" on his access to the internet. Doc. [122] at 2. The United States Court of Appeals

---

[1] https://www.bop.gov/inmateloc/ (last visited October 24, 2025).
[2] The factors include, among other things: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed - (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

for the Eighth Circuit has consistently "found that restrictions on computer use and [i]nternet access do not constitute a total ban where the defendant can seek permission from his probation officer to perform the restricted activities." *United States v. Durham*, 618 F.3d 921, 944 (8th Cir. 2010).  Since Special Condition 11 allows Defendant to access the internet with the approval of his probation officer, it does not amount to a complete ban on internet access.

Defendant goes on to cite *United States v. Crume,* 422 F.3d 728, 733 (8th Cir. 2005) for the proposition that the restraints on internet access outlined in Special Condition 11 are necessarily limited to those situations where a defendant's convictions are for "crimes involving greater exploitation than child pornography possession." Doc. [122] at 3. While Defendant is correct that the *Crume* court found that requiring approval to access the internet "in cases involving simple possession of child pornography" may be too restrictive, Defendant's interpretation of *Crume* is too expansive. *Crume*, 422 F.3d at 733 (quoting *United States v. Fields,* 324 F.3d 1025, 1027 (8th Cir. 2003)). In *United States v. Morais*, the United States Court of Appeals for the Eighth Circuit clarified the limitations of *Crume* when it explicitly stated that *Crume* did not create a "*per se* rule that a district court may never impose a prior-approval [i]nternet use restriction based on a defendant's receipt and possession of child pornography." *United States v. Morais*, 670 F.3d 889, 896 (8th Cir. 2012) (confirming that "the condition requiring prior approval [from a probation officer to access the internet] does not involve a greater deprivation of liberty than is reasonably necessary").

Even if *Crume* had established a *per se* rule for defendants whose only conviction was for receipt and possession of child pornography, Defendant falls outside of that category of offender. Defendant was convicted of both receipt *and* transportation of child pornography. Doc. [93]. Specifically, Defendant used an online chat room, online message boards, and email to share and

3

receive child pornography with other users. Doc. [68] at 5-8. Furthermore, Defendant "possessed more than 600 images of child pornography" some of which "portrayed sadistic or masochistic conduct or other depictions of violence." *Id.* It is clear that Defendant did far more than merely possess images of child pornography, he actively shared it with other offenders. This conduct satisfies the "greater level of exploitation" outlined in *Crume* that makes conditions like Special Condition 11 appropriate given the nature of the offense. *Crume*, 42 F.3d at 733.[3]

Finally, Special Condition 11 is "'reasonably related' to the nature and characteristics" of Defendant's crimes as well as "the deterrence of criminal conduct." *United States v. Lacy*, 877 F.3d 790, 793 (8th Cir. 2017) (quoting *Durham*, 618 F.3d at 944). As previously explained, Defendant perpetrated his crimes by using the internet. *See United States v. Demers*, 634 F.3d 982, 984 (8th Cir. 2011) (finding "we have no trouble concluding that because [the defendant's] offense involved using the internet to access child pornography, a limitation on his access to the internet is reasonably calculated to deter him from repeating his illegal activity, protect the public from similar conduct, and serve his correctional needs") (internal quotations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Modification of his Supervised Release Conditions, Doc. [122], is **DENIED**.

Dated this 24th day of October, 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] The *Crume* court provided two examples of what constitutes a "greater level of exploitation": (1) in *Fields,* 324 F.3d at 1027, "the defendant used his computer and the Internet to sell subscriptions to pornographic images" and (2) in *United States v. Ristine,* 335 F.3d 692 at 696 (8th Cir. 2003), "the defendant exchanged images with other Internet users and attempted to use his computer and the Internet to arrange sexual relations with underage girls." *Crume*, 42 F.3d at 733.

4